UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

MAUREEN DARMETKO and
JOSEPH DARMETKO, her husband

 Plaintiffs
-v-

NCL (BAHAMAS) LTD. A BERMUDA
COMPANY d/b/a NORWEGIAN
CRUISE LINE,

 Defendant.
_____/

## **COMPLAINT**

 COME NOW the Plaintiffs, MAUREEN DARMETKO and JOSEPH DARMETKO, her husband, by and through their undersigned counsel and sue the Defendant, NCL (BAHAMAS) LTD. A BERMUDA COMPANY d/b/a NORWEGIAN CRUISE LINE, and say as follows:

 1. That at all times material the Plaintiffs, MAUREEN DARMETKO and JOSEPH DARMETKO, were husband and wife and were residents of the State of New York.

 2. That the Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a NORWEGIAN CRUISE LINE, hereafter referred to as NCL, is a foreign corporation with a principal place of business in Miami-Dade County, Florida and was the owner and/or operator of the cruise vessel NORWEGIAN GEM.

 3. That at all times material this is an action for damages which exceeds Seventy-Five Thousand ($75,000.00) Dollars.

 4. That at all times material this Court has diversity jurisdiction pursuant to 28 USC § 1332.

5. That, in the alternative, this is an action which arises out of the General Maritime Law of the United States and this Court has jurisdiction pursuant to 28 USC § 1333.

6. That on or about April 23, 2014 the Plaintiffs got on the vessel in New York for a ten-day cruise.

7. That prior to the cruise, NCL offered to provide Plaintiffs with a bottle of champagne for purposes of celebrating their anniversary while on the cruise.

8. That on or about April 23, the Plaintiffs checked into their cabin and then left to go out to walk around the ship with friends who were also on the cruise.

9. When the Plaintiffs returned to their cabin, a bottle of champagne had been placed on the coffee table. When Joseph Darmetko went to open the bottle, it suddenly exploded causing the cork to eject from the bottle, striking Maureen Darmetko in the eye and resulting in serious injuries.

10. That at all times material, the Defendant NCL owed the duty to use reasonable care under the circumstances for the safety of the Plaintiff, MAUREEN DARMETKO.

11. That at all times prior to the accident the bottle in questions was in sole custody, care, and control of the Defendant.

12. That after delivery of the bottle by NCL to the Plaintiffs' cabin, neither the Plaintiffs nor anyone else to their knowledge touched the bottle until the time of the accident. The under the circumstances, the accident would not have occurred except for the negligence of the Defendant in failing to properly maintain the bottle or improperly delivering the bottle to Plaintiff's cabin.

13. That NCL breached its duty of care under the circumstances and was negligent in one or more of the following manner:

(a) NCL negligently failed to properly maintain the bottle while in its possession;

(b) NCL negligently failed to properly deliver the bottle and to have it in Plaintiffs' cabin in a safe condition;

(c) NCL negligently failed to warn the Plaintiffs about a dangerous condition concerning the bottle about which it knew or should have known.

14. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of capacity to earn money, and aggravation of a known or unknown previously existing condition.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

## COUNT II:  CONSORTIUM CLAIM OF JOSEPH DARMETKO

Plaintiffs readopt and reallege each and every allegation contained in paragraphs one (1) through (14) and further allege as follows:

15. That as a direct and proximate result of the serious injuries suffered by Mrs. Darmetko, the Plaintiff, JOSEPH DARMETKO, has lost the love, consortium, affection, and companionship of his wife, MAUREEN DARMETKO.

WHEREFORE, Plaintiffs demand judgment for damages against the Defendant, for costs of this action, for prejudgment interest, for trial by jury, and any other relief deemed just and appropriate by this Honorable Court.

Dated:  November 2, 2015

Respectfully submitted,

WAKS & BARNETT, P.A.
Attorneys for Plaintiffs
9900 SW 107th Ave., #101
Miami, FL  33176
waksbar@aol.com
Tel: (305) 271-8282
Fax: (305) 595-9776


By:  */s/ Andrew L. Waks*
       ANDREW L. WAKS
          FNB:  241350